**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KATHRYN PARADISE-BURNS,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-01901-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,**

**Defendant.**
**___________________________________/**

# ORDER

Kathryn Paradise-Burns requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

Ms. Paradise-Burns was previously found not disabled in a decision dated August 18, 2020. (Tr. 73–93). On July 27, 2021, Ms. Paradise-Burns filed a new application for a period of disability and DIB under Title II of the Social

Security Act, 42 U.S.C. §§ 401–434 (the Act). (Tr. 267–73). On the same date, Ms. Paradise-Burns also filed an application for SSI under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. (Tr. 257–66). Ms. Paradise-Burns alleged a disability onset date of August 19, 2020. (Tr. 258, 268). Ms. Paradise-Burns's claims were denied initially and on reconsideration. (182–97, Tr. 159–78). Ms. Paradise-Burns filed a request for a hearing on March 18, 2024. (Tr. 198–99). An ALJ held a hearing on August 9, 2024, and issued a decision finding Ms. Paradise-Burns not disabled on November 4, 2024. (Tr. 7–29, 40–72).

On December 5, 2024, Ms. Paradise-Burns filed a request for review, which the Appeals Council denied. (Tr. 1–6, 254–56). The hearing decision then became the Commissioner's final decision. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). Ms. Paradise-Burns now requests review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Paradise-Burns was 47 years old on her alleged disability onset date and 51 years old on the date the ALJ decision was issued. (Tr. 257, 268). Ms. Paradise-Burns has a high school education and prior employment as a cosmetologist. (Tr. 315). Ms. Paradise-Burns alleged disability due to a history of shoulder surgery, ankle surgery, panic disorder, paranoid thoughts,

depression, and anxiety. (Tr. 258, 268, 314). Ms. Paradise-Burns later alleged she developed Sjogren's disease. (Tr. 364).

**B. Summary of the ALJ's Decision**

The ALJ must follow five steps when evaluating a disability claim.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ found Ms. Paradise-Burns met the insured status for DIB claims through June 30, 2024.[3] (Tr. 12). At step one, the ALJ found Ms. Paradise-Burns had not engaged in substantial gainful activity since the alleged onset of disability date of August 19, 2020. (*Id.*). At step two, Ms. Paradise-Burns had these severe impairments: degenerative disc disease of the cervical spine, right shoulder labral tear with tendonitis, status post left ankle fracture, obesity, major depressive disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder. (Tr. 13). At step three, the ALJ found Ms. Paradise-Burns had not had an impairment or combination of impairments that meets or medically equals the severity of an impairment in the Listings. (*Id.*).

The ALJ then determined Ms. Paradise-Burns had the RFC to perform light work,[4] except:

---

[3] To prevail on a DIB claim under Title II of the Act, a claimant must establish disability on or before the date last insured. 20 C.F.R. § 404.131.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If

> she was able to lift and/or carry twenty pounds occasionally and up to ten pounds frequently; could sit for six hours in an eight-hour workday; could stand and/or walk for six hours in an eight-hour workday; could occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, stoop, and crawl occasionally and kneel and crouch frequently; would be able to occasionally reach overhead with the dominant right upper extremity and frequent all other reaching; must avoid unprotected heights and moving mechanical parts. She must avoid hazards in the workplace, such as heavy moving machinery and heights, etc.; could perform simple, routine tasks, make simple work-related decisions; could frequently interact with supervisors and occasionally with coworkers and the public; and would be able to tolerate changes in that simple work setting.

(Tr. 15).

At step four, the ALJ determined Ms. Paradise-Burns could not perform her past relevant work. (Tr. 15). At step five, based on Ms. Paradise-Burns's age, education, work experience, RFC, and the testimony of a vocational expert, the ALJ found there were other jobs existing in significant numbers in the national economy that Ms. Paradise-Burns can perform. (Tr. 21). Specifically, Ms. Paradise-Burns can perform the occupations of a router, office helper, and marker. (Tr. 22). Thus, the ALJ concluded Ms. Paradise-Burns was not disabled from August 19, 2020, the alleged disability onset date, through November 4, 2024, the date of the decision. (*Id.*).

---

someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also* *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Paradise-Burns argues that the ALJ failed to account for the "total limiting effects" of her autoimmune disorder. (Doc. 14, p. 8). Specifically, Ms. Paradise-Burns argues that the ALJ erred by not finding her Sjogren's disease to be a severe impairment.[5] (*Id.,* pp. 14–18; Doc. 19). Ms. Paradise Burns also argues that the step two finding undermined the ALJ's analysis of certain medical opinions. (*Id.*). Specifically, the consultative opinion of J. Lamour, M.D., and treating rheumatologist Raul Tallo, M.D. (*Id.*). Ms. Paradise-Burns further claims the ALJ erred in evaluating her subjective complaints. (*Id.*, pp. 18–20).

In response, the Commissioner argues that substantial evidence supports the ALJ's findings at step two and the ALJ's evaluation of the medical evidence. (Doc. 18, pp. 5–10). In addition, the Commissioner contends the ALJ properly considered Ms. Paradise-Burns's subjective complaints and found them inconsistent with other evidence of record. (*Id.*, pp. 10–13).

[5] Sjogren disease is an immune system disorder characterized by dry eyes and dry mouth. With this disorder, the body's immune system attacks its own healthy cells that produce saliva and tears. *Hill v. Berryhill*, No. 2:20-CV-00892-MHH, 2022 WL 2789223, at *3, n.3 (N.D. Ala. July 15, 2022); *see also* https://www.mayoclinic.org/diseases-conditions/sjogrens-syndrome/symptoms-causes/syc-20353216 (last visited July 24, 2026).

**1. Whether substantial evidence supports the ALJ's finding that Ms. Paradise-Burns's Sjogren's disease was non-severe.**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). To constitute a severe impairment at step two, an impairment must significantly limit an individual's ability to perform basic work skills. *Id.* In contrast, non-severe impairments "[do] not significantly limit [a claimant's] physical or mental ability to do basic work activities." S*ee* 20 C.F.R. §§ 404.1522, 416.922. Impairments are considered non-severe "only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979 (11th Cir. 2016) (quoting *McDaniel v. Bowen*, 800 F.2d at 1031. "Consequently, in many, if not most cases, there will be no functional limitations from a nonsevere impairment." *Sprague v. Colvin*, No. 8:13-cv-576-T-TGW, 2014 WL 2579629, at *6 (M.D. Fla. June 9, 2014).

The Eleventh Circuit has "described step two as a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present." *Tuggerson–Brown v. Commissioner of Social Security*, 572 F. App'x 949, 950 (11th Cir. 2014) (quoting *Jamison v. Bowen*,

814 F.2d 585, 588 (11th Cir. 1987)). "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment." *Id.* at 951 (quoting *Jamison*, 814 F.2d at 588). "Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process, and there is no need for the ALJ to identify every severe impairment at step two." *Beadnell v. Comm'r of Soc. Sec.*, No. 6:13-cv-1875-Orl-GJK, 2015 WL 419032, at *3 (M.D. Fla. Feb. 2, 2015) (citing *Tuggerson-Brown*, 572 F. App'x at 951); *see also Farrington v. Astrue*, No. 3:09-cv-94-J-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (citing authority and explaining that finding a single impairment at step-two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

The ALJ considered Ms. Paradise-Burns's Sjogren's disease and found it was non-severe. (Tr. 13); *see* 20 C.F.R. §§ 404.1522, 416.922. And even if that finding were erroneous, it would be harmless because the ALJ considered Ms. Paradise-Burns's Sjogren's disease, together with all other medically determinable impairments, later in the sequential evaluation. (Tr. 15, 18–19). Thus, even assuming the ALJ erred in determining Ms. Paradise-Burns's Sjogren's disease was non-severe, any error would be harmless because "[t]he finding of any severe impairment, based on either a single impairment or a

combination of impairments, is enough to satisfy step two[.]" *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011) (citations omitted); *see also Owens v. Colvin*, No. 3:15-cv-409-J-JBT, 2015 WL 12856780, at *4 (M.D. Fla. Oct. 15, 2015) ("[E]ven assuming the ALJ erred at step two of the sequential evaluation process in failing to find a severe mental impairment, any such error is harmless. Any error at step two of the sequential evaluation process is typically harmless so long as the ALJ finds at least one severe impairment and proceeds to the next step.").

**2. Whether the ALJ properly evaluated the medical opinions.**

The Social Security Administration revised its regulations regarding the consideration of medical evidence for all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Ms. Paradise-Burns's claim was filed after this time. Thus, the revised regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

"A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions . . ." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). When discussing medical opinions, an ALJ need not assign specific evidentiary weight to any medical opinion in the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). But the ALJ must consider five factors in

evaluating the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). While the ALJ must consider those five factors, the ALJ is only required to discuss supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability means the more relevant the objective medical evidence and supporting explanations from the medical source, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Similarly, regarding consistency, the more consistent a medical opinion is with the evidence from other sources, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ is not required to refer to every piece of evidence in her decision, so long as her decision is not a broad rejection of the claimant's impairments, and the decision enables a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Additionally, the ALJ may discredit subjective complaints if she articulates explicit and adequate reasons for doing so. *Moore v. Barnhart*, 405 F.3d 1208, 1212–13 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A "clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

In June 2022, consultative examiner J. Lamour, M.D., opined that Ms. Paradise-Burns had some physical and radiological findings that could prevent her from doing regular work, but she needed to follow up with multiple specialists. (Tr. 589). In January 2024, Dr. Lamour opined that Ms. Paradise-Burns had significant physical findings and significant radiological findings that could prevent her from doing regular work, but she should be able to do limited work in a seated position. (Tr. 1149). Dr. Lamour reported Ms. Paradise-Burns was mainly limited by her neck and lower back condition, Sjogren's disease, fatty liver, anxiety, depression, and a right shoulder condition, and those need to be further evaluated. (*Id.*). Dr. Lamour recommended follow-up with specialists, including a rheumatologist. (*Id.*).

The ALJ evaluated Dr. Lamour's opinions and found them to be vague and not fully consistent with the medical evidence, which showed that, despite her impairments, Ms. Paradise-Burns maintained a normal gait and full strength in her extremities. (Tr. 18–19, 604, 675, 858–64, 1158). The ALJ also stated that Ms. Paradise-Burns's reported activities of daily living were consistent with the normal examination findings, which undermined Dr. Lamour's opinions. (Tr. 19).

In June 2024, Ms. Paradise-Burns's treatment provider, Raul Tallo, M.D., completed a checkbox opinion in which he assessed Ms. Paradise-Burns to have a variety of work-preclusive limitations, including that she needed to

be absent from work more than five days per month and was unable to complete an eight-hour workday. (Tr. 1408–11). Dr. Tallo provided no support for these limitations, only that he treated Ms. Paradise-Burns for multiple impairments, including Sjogren's disease. (Tr. 1408). The ALJ found that Dr. Rallo's opinion was neither consistent with nor supported by the examination findings, which evidenced that Ms. Paradise-Burns had a normal gait and full extremity strength. (Tr. 19, 564, 604, 675, 858–64, 1158).

Ms. Paradise-Burns argues that the ALJ's improper evaluation of her Sjogren's disease resulted in flawed evaluations of the opinions of the consultative examiner and treatment provider. However, the inconsistency between the strength findings and other objective evidence was a reasonable factor for the ALJ to consider. And the ALJ considered factors other than the strength testing, such as his normal gait, the vagueness of Dr. Lamour's opinion, and evidence of intact activities of daily living that corresponded with the normal examination findings. (Tr. 19). Thus, the ALJ's consideration of the medical opinions of Drs. Lamour and Tallo are supported by substantial evidence.

**3. Whether the ALJ properly evaluated Ms. Paradise-Burns's subjective complaints.**

To establish a disability based on a complaint of disabling symptoms, a claimant must show: (1) evidence of an underlying medical condition; and (2)

either (a) objective medical evidence confirming the severity of the alleged symptoms, or (b) the objectively determined medical condition can be reasonably expected to give rise to the claimed symptoms. 20 C.F.R. §§ 404.1529 and 416.929; *see also Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d1221, 1223 (11th Cir. 1991). If the ALJ determines the claimant has such a condition, she will evaluate the alleged symptoms' intensity and persistence and how they limit the claimant's ability to work, including any inconsistencies between the testimony and other evidence. 20 C.F.R. §§ 404.1529, 416.929.

"If the ALJ discredits subjective testimony, [s]he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Id.* (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)).

Here, the ALJ began her analysis by stating her obligation to evaluate Ms. Paradise-Burns's subjective complaints under 20 C.F.R. §§ 404.1529 and 416.929, as well as Social Security Ruling (SSR) 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). (Tr. 15). The ALJ also acknowledged her obligation to evaluate the medical opinions and prior administrative medical findings under 20 C.F.R. §§ 404.1520c and 416.920c. (*Id.*). The ALJ then outlined Ms.

Paradise-Burns's subjective complaints and evaluated them by considering the medical evidence, her own statements regarding her symptoms and precipitating and aggravating factors, her course of treatment, and her activities of daily living. (Tr. 15–16, 19–20, 94–119, 123–37, 139-53). The ALJ concluded Ms. Paradise-Burns had significant but not disabling limitations. (Tr. 15, 19, 20).

Ms. Paradise-Burns argues the ALJ erred in evaluating her subjective complaints because she relied on evidence of sporadic and basic activities of daily living. Regarding Ms. Paradise-Burns's activities of daily living, the ALJ considered them at step three and as part of the RFC analysis. (Tr. 14, 19). Specifically, Ms. Paradise-Burns reported she was able to perform a wide variety of activities of daily living. She also stated she has no problem meeting her personal care and grooming needs and selected "no" when asked whether she required assistance with either house or yard work. (Tr. 14, 19, 339–46). Although routine activities of daily living do not constitute substantial evidence to support a finding of disability, the ALJ may rely on them where, as here, the routine activities described are inconsistent with the alleged degree of limitation. *Chestang v. Comm'r of Soc. Sec.*, No. 8:23-cv-02196-CEH-PDB, 2024 WL 3835648, at *11 (M.D. Fla. July 31, 2024).

The ALJ reasonably concluded that, when considered together with other factors, Ms. Paradise-Burns's activities of daily living were inconsistent

with the degree of alleged limitation and that the evidence supported a less restrictive RFC. Although not, in and of themselves, dispositive, Ms. Paradise-Burns's activities may be used to evaluate whether her symptoms are as limiting as alleged. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 404.1545(a)(3); SSR 16-3p; SSR 96-8p; *Dyer*, 395 F.3d at 1210; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016).

Ms. Paradise-Burns requests that the court reweigh the evidence before the ALJ and reach a different conclusion, but the court cannot under the applicable standard of review. *See Mitchell v. Commissioner, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."). Thus, remand is not warranted.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment for the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on July 27, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge